```
1  COLETTE VOGELE (SBN 192865)
   Email: colette@vogelelaw.com
2  BENJAMIN COSTA (SBN 245953)
   Email: ben@vogelelaw.com
3  VOGELE & ASSOCIATES
   12 Geary Street, Suite 701
4  San Francisco, CA 94108
   Tel: (415) 391-3311
5  Fax: (415) 358-4975

6  Attorneys for Plaintiff
   KATHLYN M. LINDEBOOM
7
```

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KATHLYN M. LINDEBOOM, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>PLASTER CITY DIGITAL POST, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No. CV08-08077 SVW JTL<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT;**<br>(2) **TRADEMARK DILUTION**<br>(3) **CYBERPIRACY; AND**<br>(4) **UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KATHLYN M. LINDEBOOM, an individual, for her Complaint against Defendant PLASTER CITY DIGITAL POST, LLC, a California Limited Liability Company; and DOES 1-10, alleges as follows:

### PARTIES

1. Plaintiff Kathlyn M. Lindeboom is an individual, d/b/a CREATIVE COW.NET, a/k/a CREATIVE COW MAGAZINE (hereinafter "Plaintiff" or "Creative Cow"), residing and having her principal place of business in Paso Robles, California, in the county of San Luis Obispo.

COMPLAINT

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Plaster City Digital Post, LLC, (hereinafter "Defendant" or "Plaster City"), is a California Limited Liability Company, with its principal place of business at 6500 Sunset Boulevard, Los Angeles, California, in the County of Los Angeles.

3. Doe Defendants 1 through 10, inclusive (collectively referred to with Defendant Plaster City as "Defendants," and individually referred to as "Doe Defendant(s)"), are sued herein under fictitious names because their true names, capacities, and the extent of their involvement is unknown to Plaintiff Creative Cow. Plaintiff will seek leave of Court to amend this complaint to allege such names, capacities, and extent of involvement as soon as the information is ascertained. Plaintiff Creative Cow is informed and believes, and thereon alleges, that each fictitious Doe Defendant(s) is responsible in some manner for the occurrences alleged herein and for damages suffered by Creative Cow.

## JURISDICTION AND VENUE

4. The first, second, and third claims for relief arise under the Lanham Trademark Act, 15 U.S.C. §§ 1051, et seq. Jurisdiction of these claims is founded on 28 U.S.C. § 1338. This Court has supplemental jurisdiction over the forth claim for relief, for unfair competition, pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

### PLAINTIFF CREATIVE COW

6. Plaintiff Creative Cow is the owner of a U.S. Trademark Registration for CREATIVE COW, Reg. No. 3,411,445 (the "CREATIVE COW" mark), and U.S. Trademark Application Serial Number 77/516,263 for a design mark, with no literal elements, known as BESSIE (the "BESSIE" mark), both for "Computer software training tools for digital imaging, cinematography, graphic design, motion graphics, web design, photo and video editing, audio editing, video and audio post production and media production, formatting, and distribution; Digital materials, namely, DVDs, downloadable audio files, newsletters, and electronic magazines featuring information and instruction on digital imaging, cinematography, graphic

design, motion graphics, web design, photo and video editing, audio editing, video and audio post production, and media production, formatting, and distribution," in International Class 009, for "Magazines featuring information and instruction on digital imaging, cinematography, graphic design, motion graphics, web design, photo and video editing, audio editing, video and audio post production and media production, formatting, and distribution," in International Class 016, for "Providing a web site featuring information and instruction on digital imaging, cinematography, photo and video editing, audio editing, video and audio post production and media production, formatting, and distribution; providing a web site featuring instruction on graphic design, motion graphics and web design," in International Class 041, and for "Providing a web site featuring information on graphic design, motion graphics and web design," in International Class 042. A true and correct copy of each mark, is attached hereto as Exhibits **A** (the CREATIVE COW mark) and **B** (the BESSIE mark) respectively.

      7. Plaintiff has also made extensive use in commerce of unregistered CREATIVE COW-formative marks, including CREATIVE COW MAGAZINE, CREATIVE COW PURE NON-FAT NEWS NEWSLETTER, THE CREATIVE COW PODCAST, CREATIVE COW MASTER SERIES TRAINING DVDS, CREATIVE COW COWBLOGS, and THE CREATIVE COW LIBRARY. (The CREATIVE COW and BESSIE marks, along with those unregistered CREATIVE COW-formative marks, are collectively referred to herein as the "Creative Cow Family" of marks.)

      8. Plaintiff is a well-known and respected digital resource in many fields, including digital imaging, cinematography, graphic design, motion graphics, web design, photo and video editing, audio editing, video and audio postproduction and media production, formatting, and distribution. Since at least as early as 2001, Plaintiff has used her arbitrary and distinctive Creative Cow Family of marks to identify goods and services in those fields across many platforms of distribution. Plaintiff's significant reputation in the digital creativity community was achieved through hard work, substantial effort, and the high quality that makes the goods and services bearing the Creative Cow Family of marks attractive to creative professionals, amateurs, and hobbyists alike.

COMPLAINT

3

9. Plaintiff Creative Cow maintains an internet website, located at http://www.creativecow.net, to provide access to goods and services bearing the Creative Cow Family of marks, and to provide a forum where creative professionals, amateurs, and hobbyists alike can discuss their craft and seek help and advice. Owing to the good reputation and high quality of the goods and services bearing the Creative Cow Family of marks, the site has been widely recognized in third-party publications as one of the Internet's finest digital creativity resources. As a result, the Creative Cow website typically attracts over one million unique visitors each month, and has over 100,000 unique registered users.

10. Plaintiff Creative Cow is also a prominent sponsor of various events and expositions aimed at the professional digital creative community. Since at least as early as 2001, Creative Cow has been a major media sponsor and partner (sometimes even the exclusive media partner) of no fewer than 10 such events, in locations based in cities including New York, Los Angeles, and Las Vegas. These events include but are not limited to major industry trade shows such as the National Association of Broadcasters exposition and conference, the New York DV Show, the Los Angeles DV Show, DV Expo, DVD Tech Expo, and others.

11. In 2003, Plaintiff Creative Cow sponsored its own major creative media exposition, "Creative Cow West 2003." This media exposition, conducted in Los Angeles, California, attracted no fewer than 40 major industry exhibitors, and over 2,000 participants and visitors. These attendees hail from locations in California, throughout the United States, and throughout the world.

12. Plaintiff Creative Cow is also the publisher of DVD-based entertainment and instructional videos on a wide variety digital creativity topics. Currently, Plaintiff offers over 13 separate DVD-based volumes of tutorial-based training on topics ranging from broadcast editing strategies, to designing special effects and broadcast motion graphics. Since at least as early as 2004, these DVDs, offered as a series under the Creative Cow Family of marks, have sold in excess of 3,500 copies to customers throughout the United States, and have sold abroad to customers in Europe, Asia, South America, Africa, and Australia.

13. Plaintiff Creative Cow is also the publisher of a bi-monthly print-magazine dedicated to the digital creative community. Entitled "Creative Cow Magazine," this publication has been a staple of the digital creative community since its first issue in April, 2006. Plaintiff has published more than 12 issues of its Creative Cow Magazine since that time, and has amassed more than 40,000 monthly subscribers in North America, Europe, Asia, South America, Africa, and Australia. Defendant Plaster City subscribed to the Creative Cow Magazine beginning at least as early as September, 2006.

14. As a result of Plaintiff's time, effort, and hard work, the Creative Cow Family of marks have become widely recognized as a source identifier of premier information and instruction in the field of digital creativity in California, through out the United States, and throughout the world. Since its inception, Plaintiff has done business continuously and exclusively under the name and trademark CREATIVE COW.

## DEFENDANT PLASTER CITY

15. Defendant Plaster City is a self-described "full service production group focusing on feature films, television, and original industrial content."

16. Defendant Plaster City also operates a division under the infringing trade name "Blue Cow Creative."

17. Plaintiff Creative Cow is informed and believes and thereupon alleges that Defendants caused to be registered, on or about July 31, 2006, the infringing and confusingly similar domain name http://www.bluecowcreative.com.

18. Plaintiff is informed and believes, and thereupon alleges that, on March 12, 2007, Defendants caused to be filed a US Trademark application for the confusingly similar trademark BLUE COW CREATIVE, Serial No. 77/128,157, for the related goods and services "[p]roduction of television shows, motion pictures, and industrials; post production services, namely, effects, cinematographic editing, all for the production of motion pictures, television shows and industrials," in International Class 041 (the "BLUE COW CREATIVE" mark).

19. In addition to the http://www.bluecowcreative.com domain name, Defendants have also made, and continue to make, extensive and infringing use of confusingly similar cow-

COMPLAINT

5

formative designations and trade dress throughout Defendant Plaster City's main company website located at http://www.plastercitypost.com.

### DEFENDANTS' PRIOR KNOWLEDGE OF PLAINTIFF'S ADOPTION AND USE OF THE CREATIVE COW TRADEMARK

20. Plaintiff is informed and believes, and thereupon alleges, that Defendants had actual and extensive knowledge of the adoption and use by Plaintiff of her valuable and protected Creative Cow Family of marks prior to Defendants' (i) adoption and use of the infringing BLUE COW CREATIVE mark, (ii) registration of the infringing http://www.bluecowcreative.com URL, and (iii) adoption of cow-formative designations and trade dress throughout Defendant Plaster City's http://www.plastercitypost.com website.

21. Plaintiff is informed and believes, and thereupon alleges, that Defendants gained first hand and actual knowledge of the Creative Cow Family of marks and the goods and services associated therewith through their attendance at industry expositions at which goods and services bearing the Creative Cow Family of marks were prominently featured and through their own participation in the digital creativity community.

22. Plaintiff is informed and believes, and thereupon alleges, that Defendants, beginning at least as early as September, 2006, gained first hand and actual knowledge of the Creative Cow Family of marks and the goods and services associated therewith through their own subscription to Plaintiff's Creative Cow Magazine.

23. Plaintiff is informed and believes, and thereupon alleges, that beginning at least a early as 2004 and continuing to the present, Defendants and/or their agents have viewed Plaintiff Creative Cow's website, registered as users of Plaintiff's website (http://www.creativecow.net), participated in creativecow.net user forums, and viewed the Creative Cow family of marks, thereby gaining actual knowledge of the Creative Cow Family of marks and the goods and services associated therewith.

24. On October 25, 2007, after learning of Defendant's infringing BLUE COW CREATIVE federal trademark application, Plaintiff wrote to Defendant Plaster City, through

counsel, requesting that it cease, desist, and quit the above-referenced conduct and expressly abandon its pending trademark application.

25.   On November 19, 2007, Plaintiff Creative Cow filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") to prevent the registration of the confusingly similar BLUE COW CREATIVE mark. This proceeding was assigned Opposition No. 91180820.

26.   On September 23, 2008, Defendant Plaster City expressly abandoned their infringing BLUE COW CREATIVE federal trademark application pursuant to 37 C.F.R. § 2.268.

27.   On September 24, 2008, the TTAB entered judgment against Plaster City and refused registration of the BLUE COW CREATIVE mark pursuant to 37 C.F.R. § 2.135. A true and correct copy of that judgment is attached hereto as Exhibit **C**.

28.   Plaintiff has consistently, clearly, and unyieldingly demanded that Defendants cease, desist, and quit their (i) use of the infringing BLUE COW CREATIVE mark, (ii) use of the infringing http://www.bluecowcreative.com domain, and (iii) use of infringing cow-formative designations and trade dress throughout Defendant Plaster City's http://www.plastercitypost.com website. Defendants have thus far refused to do so.

## FIRST CAUSE OF ACTION

### (Trademark Infringement)

29.   As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

30.   Plaintiff Creative Cow, through continuous and exclusive use dating back at least until 2001, has acquired valuable and protected trademark rights to the use of the arbitrary, distinctive, and non-functional, Creative Cow Family of marks, including the registered CREATIVE COW trademark.

31.   Plaintiff Creative Cow is informed and believes, and based thereon alleges, that Defendants, and each of them, have created a likelihood of confusion as to sponsorship,

endorsement, or affiliation with Plaintiff's valuable and protected Creative Cow Family of marks, including the registered CREATIVE COW trademark, thereby constituting infringement of Plaintiff's federal trademark rights in those marks.

32. The foregoing actions constitute a violation of 15 U.S.C. §§ 1114, 1125.

33. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes, and based thereon alleges, that she has suffered damage to her business, goodwill, and profits in an amount to be determined at trial.

34. Defendants have, at all material times, acted in bad faith towards Plaintiff, thereby entitling Plaintiff to treble damages against Defendants, and each of them.

35. The above-described acts of Defendants have caused and are continuing to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Trademark Dilution)

36. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

37. Plaintiff, through continuous and exclusive use dating back at least until 2001, has acquired valuable and protected trademark rights to the use of the distinctive, non-functional, Creative Cow Family of marks including the registered CREATIVE COW trademark.

38. Plaintiff's Creative Cow Family of marks, and registered CREATIVE COW trademark, are famous marks, entitled to protection under the federal Lanham Act, 15 U.S.C § 1051, et seq.

39. Plaintiff has no control over the quality of Defendants' offered goods and/or services. As a result, such use by Defendants continues to dilute the distinctive qualities of Plaintiff's valuable and protected trademarks.

40. Defendants' wrongful conduct including, but not limited to, use of the infringing BLUE COW CREATIVE mark in the area of production of television shows, motion pictures,

and industrials; post production services, namely, effects, cinematographic editing, all for the production of motion pictures, television shows and industrials, constitutes a threat to the distinctiveness of the Plaintiff's Creative Cow Family of marks, including the registered CREATIVE COW trademark, that Plaintiff has expended great time and effort to cultivate, develop, and maintain and greatly dilutes the positive and high-quality reputation associated with Plaintiff's Creative Cow Family of marks, including the registered CREATIVE COW trademark.

41. The foregoing actions constitute a violation of 15 U.S.C. § 1125(c).

42. As a proximate result of Defendants' above-described conduct, Plaintiff Creative Cow is informed and believes, and based thereon alleges, that she has suffered damage to her business, goodwill, and profits in an amount to be determined at trial.

43. Defendants have, at all material times, acted in bad faith towards Plaintiff, thereby entitling Plaintiff to treble damages against Defendants, and each of them.

44. The above-described acts of Defendants have caused and are continuing to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

### THIRD CAUSE OF ACTION

(Cyberpiracy)

45. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

46. Plaintiff's Creative Cow Family of marks, including the registered CREATIVE COW trademark, are distinctive, valuable, and protected marks.

47. Defendants have registered the infringing http://www.bluecowcreative.com domain, which is confusingly similar to Plaintiff's Creative Cow Family of marks, including the registered CREATIVE COW trademark.

48. Defendants have registered the infringing http://www.bluecowcreative.com domain in bad faith and with an intent to profit from Plaintiff's Creative Cow Family of marks, including the registered CREATIVE COW trademark.

49. The actions of Defendants as described hereinabove constitute a violation of 15 U.S.C. § 1125(d).

50. As a proximate result of Defendants' above-described conduct, Plaintiff Creative Cow is informed and believes, and based thereon alleges, that she has suffered damage to her business, goodwill, and profits in an amount to be determined at trial.

51. The above-described acts of Defendants have caused and are continuing to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

## FOURTH CAUSE OF ACTION

### (Unfair Competition)

52. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

53. The actions of Defendants as described hereinabove constitute unfair competition under California common law, and under California's Business & Professions Code § 17200.

54. As a proximate result of Defendants' above-described conduct, Plaintiff Creative Cow is informed and believes, and based thereon alleges, that she has suffered damage to her business, goodwill, and profits in an amount to be determined at trial.

55. The above-described acts of Defendants have caused and are continuing to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants as follows:

1. An award of monetary damages, including recovery of Defendants' profits and the damages sustained by Plaintiff, arising from the acts of Defendants complained of herein, according to proof;

2. An award of prejudgment interest from the date of each wrongful act;

COMPLAINT

3. Preliminary and permanent injunctive relief against Defendants, and each of them, their officers, agents, employees, servants, attorneys, representatives, successors, and assigns, and all others in privity and acting on behalf of or in concert therewith, from using as a trademark, service mark, design mark, trade dress, or otherwise referring to their goods and services using any designation of origin comprised of or containing the word "cow," or any acronym of similar appearance, sound, or import, or any similar design, in connection with any licensing, merchandising, or sale of goods and/or services in the field of digital creativity;

4. An award of Plaintiff's attorneys' fees and costs; and

5. Any and all further relief as may be deemed fit and proper.

Dated: December 5, 2008

VOGELE & ASSOCIATES

By: _____
Colette Vogele
Attorneys for Plaintiff
KATHLYN M LINDEBOOM

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and Local Rule 38-1, Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: December 5, 2008

VOGELE & ASSOCIATES

By: _____
Colette Vogele
Attorneys for Plaintiff
KATHLYN M LINDEBOOM

COMPLAINT

# EXHIBIT A

# CREATIVE COW

# EXHIBIT B



Case 2:08-cv-08077-SVW-JTL   Document 1   Filed 12/08/08   Page 15 of 20   Page ID #:15

# EXHIBIT C

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

csg

Mailed:  September 24, 2008

Opposition No. 91180820

KATHLYN LINDEBOOM dba
CREATIVE COW.NET
    v.

Plaster City Digital Post, LLC

    On September 23, 2008, applicant filed an abandonment of its application Serial No. 77128157.

    Trademark Rule 2.135 provides that if, in an inter partes proceeding, the applicant files an abandonment without the written consent of every adverse party to the proceeding, judgment shall be entered against applicant.

    In view thereof, and because opposer's written consent to the abandonment is not of record, judgment is hereby entered against applicant, the opposition is sustained and registration to applicant is refused.[1]

*By the Trademark Trial and Appeal Board*

---

[1] Opposer's motion to compel, filed August 8, 2008, is moot.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLYN M. LINDEBOOM, an Individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>PLASTER CITY DIGITAL POST, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-08077 SVW JTLx<br><br><br>SUMMONS |

TO: DEFENDANT(S): <u>PLASTER CITY DIGITAL POST, LLC</u> /et al.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Colette Vogele__, whose address is __12 Geary Street - Suite 701, San Francisco, CA 94108__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC - 8 2008__

By: __LA'REE HORN__
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

1192

CV-01A (12/07)        SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

KATHLYN M. LINDEBOOM, an Individual

**DEFENDANTS**

PLASTER CITY DIGITAL POST, LLC, a California Limited Liability Company; and DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
COLETTE VOGELE (SBN 192865) & BENJAMIN COSTA (SBN 245953)
VOGELE & ASSOCIATES
12 Geary Street, Suite 701 - San Francisco, CA 94108
Tel: (415) 391-3311

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1114, 1051, 1125 - Trademark Infringement, Dilution, Cyberpiracy

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV08-08077

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_    Date 12/08/2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |